UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATRA FLEMONS, Personal Representative of the
ESTATE OF KAMEL UMAR, Deceased,

      Plaintiff,

v.

WAYNE COUNTY SHERIFF'S DEPARTMENT,
DEPUTY PRISON GUARD JOHN DOE, DEPUTY
PRISON GUARD JOHN DOE 2, SHERIFF
WARREN C. EVANS, UNDERSHERIFF DANIEL
PFANNES, CHIEF OF STAFF DARRYL
FORDHAM, CHIEF DIRECTOR OF JAILS
JERIEL HEARD, DEPUTY CHIEF OF JAILS
KEVIN LOSEN, WAYNE COUNTY EXECUTIVE
ROBERT FICANO, and WAYNE COUNTY,

      Defendants.

Case No. 09-10606
Honorable Julian Abele Cook, Jr.

ORDER

In this case, the Plaintiff, Atra Flemons, in her capacity as the personal representative of the deceased estate of Kamel Umar, alleges that the death of her husband was caused by the insufficient or improper medical care that was administered to him by the Defendants[1] while he was in their custody at the Wayne County Jail in Detroit, Michigan. Currently before the Court are (1) the Defendants' dispositive motion which, if granted, would be resolved with the entry

---

[1] The following individuals and entities were listed as Defendants in the original complaint: the Wayne County Sheriff's Department ("the Sheriff's Department"), Deputy Prison Guard John Doe, Deputy Prison Guard John Doe 2, Sheriff Warren C. Evans, Undersheriff Daniel Phannes, Chief of State Darryl Fordham, Chief Director of Jails Jeriel Heard, Deputy Chief of Jails Kevin Losen, Wayne County Executive Robert Ficano, and Wayne County [Michigan]. All of the Defendants were sued jointly and severally in their individual and official capacities.

1

of a summary judgment and the dismissal of all pending claims, and (2) Flemons's request for leave to file a first amended complaint.

I.

The complaint, which was filed in the Wayne County Circuit Court of Michigan on January 28, 2009, was subsequently removed to this Court by the Defendants on the basis of its jurisdiction over cases arising under federal law, 28 U.S.C. § 1331, and its supplemental jurisdiction over the state law claims, 28 U.S.C. § 1367. On May 14, 2010, the Defendants filed a motion for the entry of a summary judgment, as well as for the dismissal of all of Flemons's claims. Acting in accordance with an order from the Court which extended the time for her to file a response, she timely responded to the Defendants' motion on June 18, 2010. On the day on which the Defendants' reply brief was due (July 2nd), they filed a motion to stay these proceedings pending a prosecutorial review of the criminal allegations that had been made by Flemons in her June 18th response. Overruling Flemons's opposition, the Court granted the Defendants' motion and ordered a stay of these proceedings until October 29, 2010. In granting the Defendants' motion, the Court was satisfied that a reasonably brief delay would promote the interests of justice without causing prejudice to any of the parties in this case.

On November 5th, the Defendants renewed their request to stay these proceedings, stating that the prosecutorial review, to which reference had been made hereinabove, had not been finalized. Once again, Flemons expressed her opposition to this renewed request by the Defendants for a stay. However and prior to a ruling by the Court on the pending renewed motion for a stay, the Defendants filed a reply brief on December 3rd in which they reported that (1) the prosecutorial review process had been completed, and (2) no criminal charges

2

would be filed against any of the persons whose conduct had been previously challenged by Flemons. Acting upon this representation, the Court has now returned this case to its active trial docket.

In her response to the Defendants' dispositive motion, Flemons seeks a leave from the Court to amend her complaint by adding the names of those individuals whom she had not been able to identify at an earlier time with any reasonable specificity. The Defendants oppose this request, contending that Flemons (1) is tardy in submitting her motion to the Court, and (2) had been in possession of this information long before she filed her request to amend. The Court must first address the request to amend before it can proceed to consideration of the Defendants' dispositive motion. It should be noted that Flemons - contrary to the requirements of E.D. Mich. LR 15.1 - failed to attach the proposed amended complaint to her request. However, the Court hastens to add that this Local Rule also provides that "[f]ailure to comply with this Rule is not [a ground] for denial of the motion."

II.

The Federal Rules of Civil Procedure provide that, unless an amendment is filed under circumstances that are not applicable here, a party may amend its pleading only with the consent of the opposing party or the specific authority of the court. Fed. R. Civ. P. 15(a). This Rule is to be construed liberally, and the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court, speaking of the Federal Rules generally as well as of Rule 15 in particular, has stated that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of [ ] mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962); *see also Jet, Inc. v. Sewage*

*Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999) (citation omitted) ("[T]he thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleadings."). The underlying purpose of allowing parties to amend their pleadings is to permit the issues to be tried on the merits. *Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

The Supreme Court has articulated several factors that are relevant to the propriety of granting leave to amend. "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182; *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007) ("Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment.").

Flemons contends that - due to the Defendants' failure to timely produce information that would identify the necessary defendants in this case - she was not able to determine the identities of the guards and nurses whom she claims were directly responsible for her husband's death until this summary judgment motion was filed. The Defendants disagree, claiming that Flemons was in possession of the names of all persons who were working in the jail on the dates in question as early as August 29, 2009. They point to a report that had been prepared by

an internal affairs investigator which "specifically nam[ed the] officers assigned to decedent's housing unit or who transported decedent to the medical clinic in the jail several times during his four day stay in July, 2008." (Defs.' Br. at 1). The Defendants also state that this report was forwarded to Flemons in response to her request for production.2 Flemons counters by asserting that this report did not enable her to "ascertain[ ] the true identities of the individual Defendants responsible for the depravation of [Umar's] constitutional rights and deliberate indifference to his serious medical needs." (Pl.'s Br. at 15).

Even if the Court accepted the Defendants' representations, the delay between Flemons's receipt of the report and the pending request to amend would not be a sufficient basis upon which to reject her application for leave to amend. This is because "[d]elay alone will ordinarily not justify the denial of leave to amend; however, delay will at some point become 'undue,' 'placing an unwarranted burden on the court,' or 'prejudicial,' 'placing an unfair burden on the opposing party.'" *Commerical Money Ctr.*, 508 F.3d at 347 (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)).

The Court will now turn to an assessment of those factors that should be considered when a decision is to be made regarding a party's request for leave to amend. In other filings with this Court, the Defendants claim that they had argued in their summary judgment brief that "amending the complaint at this late date would prejudice [them] and basically start the case

---

2In their brief, the Defendants state that Flemons received this report on August 29, 2008. The Court suspects that the year 2008 is a typographical error, inasmuch as the report in question was not prepared until February 20, 2009. (Defs.' Br., Ex. 15). Furthermore, it would be highly unusual for discovery to have commenced several months before the aggrieved party filed her complaint. Under these circumstances, the Court will assume that this report was forwarded to Flemons on August 29, 2009. However, this distinction is immaterial, inasmuch as the analysis by the Court would be the same even if 2008 was the correct year.

anew as to any unnamed prospective defendant." (Defs.' Mot. to Stay Proceedings at ¶ 8). However, the Court is unable to find any such representation in the summary judgment motion and brief or the reply brief. Addressing the possibility that her application for leave to amend is rejected by the Court, Flemons asserts that, inasmuch as the statute of limitations has not run on her claims,[3] she will simply resubmit the instant action as a new case with the newly proposed parties named as Defendants.

The Defendants cannot claim that these individual employees were not on notice of the possibility of a lawsuit. All individuals who had contact with Umar were purportedly known to Wayne County as a result of its investigation into his death. Moreover, any argument by the Defendants that an additional delay in the prosecution of this civil action - standing alone - would cause them to suffer a prejudice rings hollow in light of their repeated requests, all of which were made with full knowledge of Flemons's application to amend, to stay this action while a prosecutorial review was pending. The Defendants first requested a stay in early July 2010, stating that they anticipated the review to be completed within one month. However, it was not until early December 2010 that the Defendants requested a lifting of the stay because the review had finished.

While it does not appear that the Defendants would suffer any undue prejudice if the Court granted the now-challenged request to amend, Flemons - on the other hand - would be unduly prejudiced if her application for relief was denied. An examination of the case at the

---

[3]The Court makes no express ruling with respect to the statute of limitations, but notes that, upon cursory review, Flemons's statement of the law appears to be accurate. *See, e.g.*, *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (recognizing that Supreme Court precedents require application of relevant state general personal injury statute of limitations to § 1983 actions. Such actions in Michigan are subject to three-year statute of limitations period under Mich. Comp. Laws § 600.5805(10)).

present time reveals that the Defendants seek to obtain a dismissal and/or summary judgment largely on the basis of Flemons's alleged inability to prove that any of the individual Defendants had personal involvement or contact with Umar. Flemons counters by arguing that she - after obtaining vital information through discovery and reading the Defendants' dispositive motion - will now be able to amend her complaint and provide an appropriate nexus between the individuals involved and the respective wrongful conduct of each which, in her opinion, caused her husband's death. For this same reason, the requested amendment does not appear to be futile, but rather goes directly to the heart of the dispute.

Finally, there is no reason to believe that Flemons purposefully delayed making this request to amend for any improper motive. *See Commerical Money Ctr.*, 508 F.3d at 437 (affirming denial of motion to amend where request was "motivated by an attempt to reargue its failed theories and get a new 'bite at the apple'" after having lost initially on merits of first argument); *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968 (6th Cir. 1973) (affirming denial of motion to amend where plaintiff had already lost on summary judgment and appeal, and then sought to present alternative theory of recovery that had been previously available to it). After a consideration of these factors, and in light of the liberal policy under Rule 15 case law which favors amendment to pleadings, the Court concludes that leave to amend should and will be granted in this case.

### III.

Because Flemons will be granted leave to amend her complaint, the Defendants' dispositive motion - based on Flemons's complaint in its original form - is denied for mootness

and without prejudice to their ability to re-file a dispositive motion after the amended complaint is filed with the Court.

Finally, the Court notes that Flemons is seeking to voluntarily dismiss her claims against the Wayne County Sheriff's Department and the individual Defendants; namely, Evans, Phannes, Fordham, Heard, Losen, and Ficano. Accordingly, these Defendants will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

IV.

For the reasons that have been set forth above, (1) Flemons's request for leave to file a first amended complaint is granted; (2) the Defendants' dispositive motion is denied without prejudice as being moot; and (3) the Wayne County Sheriff's Department and the individual Defendants Evans, Phannes, Fordham, Heard, Losen, and Ficano are dismissed without prejudice. Flemons is directed to file an amended complaint within a period of ten (10) days from the date of this order.

IT IS SO ORDERED.

Dated: February 9, 2011　　　　　　　　　　　　s/Julian Abele Cook, Jr.
　　　　Detroit, Michigan　　　　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 9, 2011.

　　　　　　　　　　　　　　　　　　　　　　　　s/ Kay Doaks
　　　　　　　　　　　　　　　　　　　　　　　　Case Manager